WILMERHALE

February 25, 2015

Charles C. Platt

+1 212 230 8860 (t)
+1 212 230 8888 (f)
charles.platt@wilmerhale.com

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *SLS Capital, S.A. v. HSBC Bank USA, N.A.*, No. 14-cv-06846 (JGK)

Dear Judge Koeltl:

We represent HSBC Bank USA, N.A. ("HSBC"), the defendant in the above-referenced action. We respectfully submit this letter pursuant to Rule 2.A of the Court's Individual Practices to request that a pre-motion conference be scheduled in anticipation of HSBC's motion to dismiss, the current deadline for which is March 23, 2015.

The background for HSBC's motion is, in summary, as follows:

The plaintiff's complaint alleges that SLS Capital, S.A. ("SLS") and its insiders defrauded SLS's bondholders between 2005 and 2008, and that SLS's founder absconded with much of the money from the fraud. The fraudulent scheme purportedly began in 2005 when SLS, a Luxembourg corporate entity, issued $250 million of bonds to mostly private, European investors based on false representations. That scheme continued when SLS and its insiders failed to comply with the terms and conditions of those bonds, and took actions which deceived the investors and improperly postponed a default on the bonds while they siphoned off the investors' collateral.

SLS separately engaged HSBC to serve as the "custodian" for certain life insurance policies, which were apparently purchased in connection with the bonds. Neither of the two contracts between SLS and HSBC refer to the sale or administration of any bonds by SLS, or any role by HSBC in holding life insurance policies as collateral or security for such bonds. (Indeed, SLS does not even allege that HSBC knew that the SLS bonds had been issued.) Instead, both contracts limited HSBC's duties and obligations to the custodial services in the contracts, and limited its liability to the performance of those contractual duties.

SLS went into liquidation in Luxembourg in 2009, and Maître Yann Baden was appointed as its liquidator. In 2012, Mr. Baden asked the United States Bankruptcy Court in New York to recognize the SLS liquidation as a "foreign main proceeding" in the United States, and to recognize him as the "Foreign Representative" to conduct pre-complaint discovery and bring potential claims in the courts here, all pursuant to the provisions of Chapter 15 of the Bankruptcy Code. Baden's representatives also requested status under U.S. Bankruptcy Law in order to toll any remaining applicable statute of limitations. The Bankruptcy Court granted Mr. Baden's

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Washington

WilmerHale

Judge Koeltl
February 25, 2015
Page 2

request, and tolled the statute of limitations for two years, and Baden proceeded to take pre-complaint document and deposition discovery.

In 2014, Baden filed the complaint against HSBC. The Complaint asserts that the "plaintiff" is "SLS through its duly appointed Foreign Representative," and purports to bring this action "on behalf of" the SLS Estate and its creditors (i.e. the SLS bondholders). The complaint claims essentially that HSBC aided and abetted the fraud, breached fiduciary and contractual duties, and violated other common laws when it failed to prevent the major international bond fraud that occurred.  The Complaint also alleges a discrete claim for breach of contract by HSBC with respect to a particular policy that lapsed due to non-payment of premium.  According to the complaint, SLS would have recovered the $6 million death benefit on this policy had it not lapsed.  Baden makes this claim even though one of the SLS insiders absconded with most, if not all, of the money in SLS months before the death benefit accrued.

In short, the complaint seeks to shift to defendant HSBC the blame for the misconduct of SLS and its insiders, based on some ill-defined and far-flung responsibility to police SLS, and to have HSBC compensate SLS and its bondholders for SLS's fraud.

HSBC motion to dismiss will be based on several well-established legal principles:

*First,* SLS's Foreign Representative lacks standing to assert his claims on behalf of SLS's bondholders. His authority to sue here is provided by the Bankruptcy Code, and the United States Supreme Court has held that his authority is limited to claims on behalf of the SLS Estate, not on behalf of SLS's creditors.

*Second,* the claims of SLS's Foreign Representative on behalf of the bankrupt SLS Estate against HSBC are barred by the doctrine of *in pari delicto*. Second Circuit case law is very clear that these claims must be dismissed as a matter of law because SLS's own complaint shows that SLS and its insiders were at the center of the fraud, and SLS may not recover for its own wrongdoing. Similarly, any permissible claims on behalf of SLS's bondholders are barred by the same doctrine because SLS's complaint alleges that the principal bondholder, KeyData Investment Services, was also involved in the fraud.

*Third,* the complaint fails to allege facts giving rise to a plausible claim to relief under any of the eleven counts.  There are numerous reasons to support this ground for dismissal.  They include: (a) the documents attached to the complaint show that HSBC's contracts with SLS provided for narrow custodial duties, and effectively disclaimed the broad extra-contractual duties asserted in the complaint with respect to the SLS bonds; (b) there are no plausible allegations to support the claims that HSBC owed a fiduciary duty, or engaged in some "negligence" other than the purported (and non-actionable) failure to comply with the contracts;  (c) there are no plausible

WILMERHALE

Judge Koeltl
February 25, 2015
Page 3

allegations that HSBC had actual knowledge of the misconduct by SLS and its insiders, that HSBC substantially participated in that misconduct, or that HSBC's conduct caused any injury, and thus there is no basis for plaintiffs' "aiding and abetting" claims; (d) there are no plausible allegations to support the claim that HSBC breached its contracts by accepting a waiver from SLS's financial advisor instead of from SLS itself, as those allegations are contradicted by the contracts; (e) the breach of contract claim based on the lapsed policy fails because, according to SLS's own complaint, the contracts with HSBC were being used illegally for fraudulent purposes; (f) plaintiff cannot prove that HSBC caused any loss to SLS or its bondholders since SLS's founder absconded with most if not all the money; and (g) there is no "common law indemnification claim" where SLS was involved in the fraud.

*Fourth,* at least five of the eleven counts in the complaint—those with respect to negligence and breach of fiduciary duty—are plainly barred by the statute of limitations.

HSBC accordingly requests a pre-motion conference to set a briefing schedule for its proposed motion to dismiss the complaint.  Counsel for Plaintiffs has advised that they are unavailable for such a conference before March 12, 2015, but can be available after that date.  Alternatively, HSBC requests leave to file its opening moving papers on the current March 23, 2015 deadline for its response to the complaint.

Respectfully submitted,

/s/ Charles C. Platt_____

Charles C. Platt

cc: Michael L. Cohen (via facsimile)